UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER L. BERRY, | ) | CASE NOS. 1:08CR516 |
| | ) | 1:16CV1191 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the *pro se* motion of petitioner Alexander Berry ("petitioner" or "Berry") styled "Motion pursuant to 28 U.S.C. 2255 Permission to File for Extraordinary Circumstances and Brady Violation, Due Process Violation[,]" which the Court construes as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 22 ["Mot."]) (capitalization omitted). The United States of America ("respondent" or the "government") opposes the motion. (Doc. No. 23.) For the reasons that follow, petitioner's motion is denied.

I. **BACKGROUND**

On December 17, 2008, the government returned an indictment against petitioner charging him with four counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. No. 1.) Pursuant to a plea agreement, on March 17, 2009, petitioner entered a counselled plea of guilty to the counts in the indictment. (Doc. No. 15 (Minutes of Proceedings); *see* Doc. No. 16 (Plea Agreement).) On June 16, 2009, then-presiding judge, the Hon. Lesley Wells, sentenced Berry to a term of imprisonment of ninety-two (92) months, three years of supervised release, restitution,

and a special assessment of $400.00. (Doc. No. 17 (Minutes of Proceedings); Doc. No. 19 (Judgment).) The Court's judgment was amended on June 23, 2009 to modify the restitution due to Key Bank. (Doc. No. 20 (Amended Judgment).)

Petitioner did not take a direct appeal. Instead, on April 10, 2015, more than five years after the Court entered its final judgment, petitioner filed a motion to receive sentencing transcripts and the docket in his criminal case. (Doc. No. 21.) This motion represents the only request reflected in the record that petitioner made for such materials. By a non-document order, dated April 13, 2015, the Court granted petitioner's motion. While petitioner claims that he never received the requested material, the docket reflects that a copy of the order and docket were mailed to petitioner at the prison address listed on the docket that same day (April 13, 2015).[1]

On May 18, 2016, petitioner filed the present motion. Also on May 18, 2016, petitioner's criminal and civil cases were reassigned to the undersigned following the retirement of Judge Wells. On June 28, 2016, the government filed its response in opposition to petitioner's motion under § 2255, arguing, in part, that the motion was time-barred. The Court afforded petitioner leave to file a response to address the government's timeliness argument, but petitioner failed to do so.

## II. PETITIONER'S MOTION IS TIME-BARRED

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a conviction or sentence alleged to be in violation of federal law. *See Davis v. United States,* 417 U.S. 333, 344-45, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974); *Cohen v. United*

---

[1] It is unclear from the docket precisely what documents and transcripts, if any, were mailed to petitioner.

*States,* 593 F.2d 766, 770 (6th Cir. 1979). Motions brought pursuant to § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When no direct appeal is taken by a federal criminal defendant, the judgment becomes final triggering the start of the one year statute of limitations upon expiration of the fourteen day period during which a defendant could have appealed. *See* Fed. R. App. P. 4(b)(1) ("In criminal cases, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: the entry of either the judgment or the order being appealed; or the filing of the government's notice of appeal.") (numerals omitted); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (citation omitted); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (finding that, where a movant does not pursue a direct appeal, his judgment becomes final "on the date on which the time for filing such appeal expired") (citation omitted). As set forth above, petitioner was sentenced on June 18, 2009. Since no appeal was taken, the one year period to file a § 2255 motion expired on July 2, 2010.[2] Petitioner, however, waited

---

[2] If time is calculated from June 23, 2009—the date of the amended judgment—petitioner would have had to file his petition by July 7, 2010.

nearly six years, until May 18, 2016, to file his § 2255 motion. Accordingly, Berry's motion is time-barred by statute under § 2255(f)(1) and must be dismissed unless he can make use of one of the other triggering events set forth in § 2255(f).

Petitioner does not identify any right newly recognized by the United States Supreme Court, nor does he identify the removal of any governmental impediment that had previously prevented him from filing a timely motion. Instead, he argues that the deprivation of his court documents has "kep[t] the movant at bay" and has prevented him from pursuing his "realistic grounds for relief and allegations at law." (Mot. at 69[3].) He also speculates that "numerous exculpatory information . . . may exist within the records petitioner seeks." (*Id.*, citing *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)).

To extent that these allegations are intended to invoke the triggering date set forth in § 2255(f)(4), petitioner has failed to demonstrate his entitlement to proceed under that subsection. Section 2255(f)(4) states that the date on which the one-year statute of limitations for filing a petition pursuant § 2255 begins to run is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." "[T]he petitioner bears the burden of proving that he exercised due diligence[,]" *Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012), which can be shown by "prompt action as soon as [the petitioner] is in a position to realize that he has an interest in challenging the prior conviction[.]" *Johnson v. United States,* 544 U.S. 295, 297, 125 S. Ct. 1571, 161 L. Ed. 2d 542

---

[3] All page number are to the page identification number generated by the Court's electronic docketing system.

(2005); *Steward v. Moore,* 555 F. Supp. 2d 858, 869 (N.D. Ohio 2008) ("Due diligence requires the *petitioner* to pursue his rights") (emphasis in original).

Here, while he claims that he has made "several requests to the court and his counsel[,]" the record only reflects that he made one request—his motion filed more than five years after the Court entered judgment—to receive the documents he claims will support his § 2255 motion. (Mot. at 68; *see* Doc. No. 21.) Under these circumstances, he has failed to demonstrate that he exercised due diligence in discovering the basis for his motion. *See, e.g., United States v. Sferrazza*, 645 F. App'x 399, 408-09 (6th Cir. 2016) (four year delay in filing motion to withdraw guilty plea demonstrated lack of diligence); *Smith v. United States*, No. 1:06-CV-061, 2009 WL 485033, at *3 (N.D. Ohio Feb. 26, 2009) (seven year delay in seeking evidence to support ineffective assistance of counsel claim showed petitioner did not exercise due diligence).

For many of the same reasons, petitioner is not entitled to tolling of the limitations period. Equitable tolling allows courts to review time-barred § 2255 motions "provided 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (further quotation marks and citation omitted)); *see also Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (equitable tolling applies where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotation marks and citation omitted). The application of equitable tolling is "evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate

burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling*, 673 F.3d at 462 (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

While petitioner claims that he has been the victim of "extraordinary circumstances that have way-laid [his] attempts to file[,]" presumably referring to the alleged withholding of certain court records, the Sixth Circuit has held that the unavailability of or delay in receiving transcripts or records, alone, is not enough to entitle a petitioner to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-53 (6th Cir. 2011) (citing *Inglesias v. Davis*, No. 07-1166, 2009 WL 87574, at *2 (6th Cir. Jan. 12, 2009) (petitioner's repeatedly requests for transcripts from his proceedings during the twenty-six months between the finality of conviction and habeas filing did not justify equitable tolling) (further citations omitted)). Accordingly, even if such a denial could qualify as unavoidable circumstances beyond petitioner's control, *see Keeling*, 673 F.3d at 462, petitioner's failure to timely pursue these documents would defeat any claim that equity mandates that the limitations period be tolled in his case. *See Holland*, 560 U.S. at 649. Because petitioner has failed to demonstrate exceptional circumstances requiring equitable tolling, his motion under § 2255 is time-barred and properly dismissed without a hearing. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (quotation marks and citation omitted); *United States v. Morales-Dorantes*, No. 1:07-cr-295, 2014 WL 1338159, at *3 (W.D. Mich. Apr. 2, 2014) (holding no hearing necessary where the files and the records conclusively show that defendant's time-barred motion entitles him to no relief under 28 U.S.C. § 2255).

## III. PETITIONER FAILED TO MAKE A CLAIM THAT WOULD ENTITLE HIM TO RELIEF

Even if petitioner's motion was timely, it would entitle him to no relief from the Court's judgment. Section 2255 provides that a sentence of conviction can be challenged if: (1) the sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255). To prevail on a § 2255 motion alleging a constitutional error, "the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). A § 2255 motion alleging a non-constitutional error must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quotation marks and citation omitted).

While it is not entirely clear from his motion, petitioner appears to argue that the withholding of court records and transcripts deprived him of his rights under various constitutional amendments. (Mot. at 69.) He also offers his suspicion that the government may have violated his right to receive *Brady* materials by withholding these records, but he fails to provide any facts or details to substantiate his speculation. (*Id*.) It is well settled that vague or conclusory allegations of constitutional violations are insufficient to meet a petitioner's burden of establishing a right to relief under § 2255. *See Green v. Wingo*, 454 F.2d 52, 53 (6th Cir.

1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (collecting cases); *see also Humphress v United States*, 398 F.3d 855, 858 (6th Cir. 2005) (petitioner has burden to prove that relief is warranted under § 2255) (quotation marks and citation omitted); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) ("no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are . . . conclusions rather than statements of fact'") (quoting *Engelen v. United States* 68 F.3d 238, 240 (8th Cir. 1995)). Even applying the liberal interpretation reserved for *pro se* filings, the Court cannot find that petitioner's unsupported conclusory allegations set forth a valid claim under § 2255, and denial of his motion would be appropriate for this additional reason.

## IV. CONCLUSION

For all of the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence (Doc. No. 22) under 28 U.S.C. § 2255 is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: September 27, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**